| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Sharonda** | **L** | **Smith** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Northern** | District of: | **Illinois** |
| | | | (state) |
| Case number (if known) | **19-05578** | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$290.00 per month for 36 month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor 1 | **Sharonda** | **L** | **Smith** | Case number | **19-05578** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- [x] Debtor(s) will make payments pursuant to a payroll deduction order.
- [ ] Debtor(s) will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

- [ ] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- [x] Debtor(s) will treat income tax refunds as follows: <u>On or before April 20th of the year following the filing of the case and each year thereafter, the Debtor(s) shall submit a copy of the prior year's filed federal tax return to the Chapter 13 Trustee. The Debtor(s) shall tender the amount of any tax refund received while the case is pending in excess of $1,200.00 to the Trustee. The tax refunds shall be treated as additional payments into the plan and must be submitted within 7 (seven) days of receipt of each such refunds by the Debtor(s).</u>

**2.4 Additional payments.**

*Check one.*

- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is <u>$10,440.00</u>

## Part 3:   Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check all that apply.*

- [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor 1 | **Sharonda** | **L** | **Smith** | Case number | 19-05578 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| JEFFERSON CAPITAL SYSTEM | $12,000.00 | Jeep Liberty 2006 | $5,625.00 | | $5,625.00 | 7.00% | $39.00 | $6,683.40 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

| Debtor 1 | **Sharonda** | **L** | **Smith** | Case number | **19-05578** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4  Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.5  Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor 1 | Sharonda | L | Smith | Case number | 19-05578 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.40% of plan payments; and during the plan term, they are estimated to total $563.76

**4.3 Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $3,650.00

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be $25.00

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of
☑ 10.00% of the total amount of these claims, an estimated payment of $1,313.73
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Sharonda** | **L** | **Smith** | Case number | 19-05578 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| DPT ED/NAVI | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | Sharonda | L | Smith | Case number | 19-05578 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Ginger Ridge Apartments | Residential Lease for 1945 Wilson | $900.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | | $0.00 |

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon.

*Check the applicable box:*

☐ plan confirmation.
☑ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Commencing 30 days after the filing of the petition, JEFFERSON CAPITAL SYSTEM shall receive pre-confirmation adequate protection payments in the amount of $39.00 per month.

2. Commencing with the March 2021 plan payment, JEFFERSON CAPITAL SYSTEM shall receive set payments in the amount of $274.34 per month.

3. Debtor's student loan debts owed to DPT ED/NAVIENT are in deferment, and the trustee shall not pay any claims filed by DPT ED/NAVIENT.

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____
Signature of Debtor 1
Executed on _____
MM / DD / YYYY

✗ _____
Signature of Debtor 2
Executed on _____
MM / DD / YYYY

✗ /s/ Ryan P Crotty
Signature of Attorney for Debtor(s)

Date   3/1/2019
MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $6,683.40 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $4,238.76 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $1,313.73 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $12,235.89 |

```
                         United States Bankruptcy Court
                         Northern District of Illinois

In re:                                                     Case No. 19-05578-LAH
Sharonda L Smith                                           Chapter 13
         Debtor
                            CERTIFICATE OF NOTICE
District/off: 0752-1         User: lmendoza              Page 1 of 2              Date Rcvd: Mar 04, 2019
                             Form ID: pdf001             Total Noticed: 26


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 06, 2019.
db             +Sharonda L Smith,    1945 Wilson Ave Apt 8,    Calumet City, IL 60409-2955
27600508       +ASSET ACCEPTANCE c/o MORTELL KEVIN W,    1821 WALDEN OFFICE S,    Schaumburg, IL 60173-4295
27600510       +CREDIT ACCEPTANCE,    PO BOX 513,   Southfield, MI 48037-0513
27600518       +City of Chicago - Parking and red Light Tickets,    121 N. LaSalle Street,
                 Chicago, IL 60602-1202
27600520       +IDOR-Bankruptcy Section,    PO Box 64338,   Chicago, IL 60664-0291
27600514       +IL Secretary of State,    2701 S. Dirksen Parkway,    Springfield, IL 62723-0002
27600521       +The Housing Authority of the County of Cook,    175 West Jackson Blvd,    Chicago, IL 60604-4212
27600504       +US DEP ED,    PO Box 8937,   Madison, WI 53708-8937
27600522       +Venus Clothing,    PO Box 659728,   San Antonio, TX 78265-9728

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
27600525       +E-mail/Text: g17768@att.com Mar 05 2019 01:49:12       AT&T,    PO Box 105262,
                 Atlanta, GA 30348-5262
27600524       +E-mail/Text: billbusters@iamthewolf.com Mar 05 2019 01:49:35       Bill Busters,
                 105 W Madison St,    Chicago, IL 60602-4647
27600516       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Mar 05 2019 01:49:42       COMENITYBANK/VENUS,
                 PO BOX 182789,    COLUMBUS, OH 43218-2789
27600503       +E-mail/PDF: creditonebknotifications@resurgent.com Mar 05 2019 01:59:20       CREDIT ONE BANK NA,
                 PO BOX 98875,    LAS VEGAS, NV 89193-8875
27600509       +E-mail/Text: comedbankruptcygroup@exeloncorp.com Mar 05 2019 01:50:59       ComEd,
                 3 Lincoln Center,    Bankruptcy Section,    Oakbrook Terrace, IL 60181-4204
27600506       +E-mail/PDF: pa_dc_ed@navient.com Mar 05 2019 01:59:20       DPT ED/NAVI,    PO BOX 9635,
                 WILKES BARRE, PA 18773-9635
27600511       +E-mail/Text: dl-collectionsbankruptcyteam@drivetime.com Mar 05 2019 01:50:48       GO Financial,
                 PO Box 53087,    Phoenix, AZ 85072-3087
27600505       +E-mail/Text: collectionsbk@glcu.org Mar 05 2019 01:50:07       GREAT LKS CU,    2525 GREENBAY RD,
                 NORTH CHICAGO, IL 60064-3012
27600507       +E-mail/Text: Harris@ebn.phinsolutions.com Mar 05 2019 01:51:25       HARRIS,
                 111 WEST JACKSON BOULEVARD SUITE 400,    CHICAGO, IL 60604-4135
27600512       +E-mail/Text: des.claimantbankruptcy@illinois.gov Mar 05 2019 01:51:02
                 Illinois Dept of Employment Security,    33 S. State, 10th Floor,    Chicago, IL 60603-2808
27600519        E-mail/Text: JCAP_BNC_Notices@jcap.com Mar 05 2019 01:50:29       JEFFERSON CAPITAL SYSTEM,
                 PO Box 7999,    Saint Cloud, MN 56302
27600523       +E-mail/PDF: resurgentbknotifications@resurgent.com Mar 05 2019 02:00:02       LVNV FUNDING,
                 C/O RESURGENT CAPI PO BOX 10497    MS,    GREENVILLE, SC 29603-0497
27600513       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Mar 05 2019 01:49:42       Lane Bryant,
                 450 WINKS LANE,    BENSALEM, PA 19020-5943
27600515       +E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2019 02:00:41       SYNCB/ WALMART,    PO Box 965024,
                 Orlando, FL 32896-5024
27600526       +E-mail/Text: bankruptcy@speedyinc.com Mar 05 2019 01:49:32       Speedy Cash (Corporate Office),
                 3527 N Ridge Rd,    Wichita, KS 67205-1212
27601238       +E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2019 01:59:56       Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
27600517       +E-mail/Text: wow.bankruptcy@wowinc.com Mar 05 2019 01:51:30       Wow Internet & Cable,
                 PO Box 63000,    Colorado Springs, CO 80962-3000
                                                                                               TOTAL: 17

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 06, 2019                                    Signature: /s/Joseph Speetjens

```
District/off: 0752-1          User: lmendoza            Page 2 of 2              Date Rcvd: Mar 04, 2019
                              Form ID: pdf001          Total Noticed: 26
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 1, 2019 at the address(es) listed below:

```
          Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
          Ryan P Crotty     on behalf of Debtor 1 Sharonda L Smith rcrotty@semradlaw.com,
           ilnb.courtview@SLFCourtview.com
                                                                                       TOTAL: 2
```